Filed 3/18/24  Turner v. Thomas CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| DARLEEN TURNER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>WILLIAM THOMAS, as Personal Representative, etc., et al.,<br><br>    Defendants and Respondents. | B320851<br><br>(Los Angeles County Super. Ct. No. 19STCV41284) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Armen Tamzarian, Judge.  Affirmed.

Darleen Turner, in pro. per., for Plaintiff and Appellant.

Randall & Associates and Teddi J. Randall, for Defendant and Respondent William Thomas.

Plaintiff and appellant Darlene Turner appeals from a judgment following a court trial at which the trial court ruled that she failed to prove that defendants and respondents William Thomas, as the Personal Representative of James Thomas (Estate of James), and Frank Johnson, as the Administrator of the Estate of Carol Thomas (Estate of Carol), owed Turner money for unpaid child support.  Turner also purports to appeal from the trial court's subsequent denial of a motion for reconsideration. Turner fails to show the trial court erred, and we affirm.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).) We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments.  [Citation.]  In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

## TRIAL COURT PROCEDINGS[1]

Turner and James Thomas are the parents of Cameo Thomas, who was born in 1987. Cameo was raised exclusively by Turner, and James was never involved in Cameo's life. In 1990, Turner sought to obtain child support from James, and the County of Los Angeles filed a complaint against James to establish the paternity of Cameo and for child support in case No. BD017757. On September 9, 1993, the County and James entered into a stipulated judgment establishing that James is the father of Cameo and for issuance of a Wage and Earnings Assignment Order; the stipulated judgment and order required payment of $872 per month for child support by James to the "Court Trustee" beginning in October 1993.

James died in about 2000. Turner consulted with lawyers at that time about unpaid child support, but she made no effort to take legal action to have them collect it. Turner moved to Michigan in 2001 and has lived continuously there since that time. Turner learned the Estate of Carol was being probated in 2016 and that the Estate of James was being probated in 2018. In 2019, Turner went to child support services to get information from case No. BD017757, a hearing was held, and she obtained some documents from the file in that case.

---

[1] The court grants the requests for judicial notice filed by respondent William Thomas on June 30, 2023, and November 9, 2023. The court also orders filed the exhibits submitted by appellant Turner on July 13, 2023, in connection with her opening brief, and on its own motion takes judicial notice of those exhibits.

On January 28, 2020, Turner filed the operative amended complaint against the Estate of James and the Estate of Carol, seeking damages of approximately $155,000. The complaint alleges that, at the time of his death, James had an unpaid balance from the September 1993 court order of child support. The complaint also alleges that Carol died in 2013, she was the wife of James, and her estate has property that is part of the Estate of James that could be used for the back child support.

On January 28, 2022, the court held a one-day bench trial during which Cameo and Turner testified as the only witnesses. The parties also agreed upon the admission of several exhibits, without any objection from Turner. Turner testified, among other issues, to the information set forth above. In addition, she testified: She never received any child support payments from James for Cameo. Until Turner filed the current lawsuit, she never filed any action in court against James, or any other person or party, to try to collect the child support. The only case against James for support (BD017757) was filed by the County, not Turner. Turner did not file any papers to collect child support in the case that the County had brought against James. There has never been a court order requiring James to pay child support to Turner. At the time the County obtained the Wage Earnings and Assignment Order in 1993, Turner was receiving public assistance. Turner cannot recall the amount of public assistance. Turner believes she got off public assistance in 1995, but has no documentation or proof. She acknowledged answering in the affirmative an interrogatory asking if she was continually on government benefits, including welfare, between 1993 and 2000, but also stating she did not know the exact dates. In testimony, she stated, "I did get some assistance, but I don't know the

4

dates." She also received social security from James in the $500 per month range from 1997 up until he died, which payments continued for many years after his death.

Among the admitted exhibits, the court received the September 9, 1993 stipulation and wage assignment from case No. BD017757, and an April 29, 2019 report that Turner testified was provided to her by child support services from the file in case No. BD017757. The report lists for each month, beginning with July 1995, the $852 owing in child support up until April 2019. The report shows total payments of zero dollars, a principal balance of approximately $49,000, interest of approximately $106,000, and a total balance of approximately $155,000.

The court also received a May 14, 2019, document titled "Position Statement," marked by Turner but offered at trial by the Estate of James. The document lists Turner as the "complainant" and indicates that about 12 years after the County had closed its case in 2007, Turner sought information from the County on the arrears balance. The document lists three issues: whether the County properly closed its case in 2007; whether the County provided Turner with the child support order; and whether Turner provided sufficient information to reopen the case. The document indicates that Turner told the County in April 2019 that she did not want the County's case reopened, but that she had an attorney who was attempting to handle the matter in the probate court.

After the close of evidence and argument by the parties, the court issued an oral statement of decision and ruled that Turner failed to prove her case against the estate defendants by a preponderance of the evidence. In particular, the court noted that there is no court order that required James to pay anything

directly to Turner. Further, the record did not include proof of what James paid to the County; and, even inferring that James paid nothing because Turner states she received nothing, the record did not include sufficient evidence for the court to determine the amount that would be due and owing to Turner from the County, as there were issues involving public assistance and the amount owing would have to be determined in the court that handled the County's child support matter. The court also added, with respect to the Estate of Carol, that there was no theory on which Carol could be construed to owe child support to Turner; at best, Turner had advanced an issue of enforcement, if property belonging to the Estate of Carol was determined to be property of the Estate of James. The court set an order to show cause regarding entry of judgment, and ordered the Estate of James to prepare the judgment.

In February 2022, Turner filed a motion for reconsideration, contending that the trial court erred when it indicated the support payments were owed to the County, rather than to her. Turner argued the court erred in relying on the order showing money from the judgment was owed to the County and not her; she argued that neither the County nor the defendants had mentioned before trial that she was not owed the money, and she had no opportunity to call witnesses from the Los Angeles County child support services for testimony. Turner also argued that the court had not acknowledged the import of two trial exhibits: the May 2019 Position Statement and the April 2019 report of the history of child support payments, with a balance of approximately $155,000.

After a hearing on March 23, 2023, the court denied the motion by minute order stating: Turner failed to present any

6

new or different facts, circumstances, or law; the court had considered the two exhibits cited by Turner; and Turner was the party who had the burden at trial to prove her claims, which she had not.[2]

The court signed and filed its judgment on March 23, 2022, which both the attorney for the Estate of James and the clerk served along with a filed Notice of Entry of Judgment that same day.

Turner filed a timely notice of appeal.[3]

## DISCUSSION

### *Standard of Review*

"In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo. [Citation.] We apply a substantial evidence standard of review to the trial court's findings of fact. [Citation.] Under this deferential standard of review, findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings. [Citation.] [¶] A single witness's testimony may constitute substantial evidence to

---

[2] The minute order indicates that a court reporter was present, but our record on appeal does not include the transcript of the hearing.

[3] Respondent Frank Johnson, as Administrator of the Estate of Carol Thomas, did not file a respondent's brief on appeal.

7

support a finding. [Citation.] It is not our role as a reviewing court to reweigh the evidence or to assess witness credibility. [Citation.] 'A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' [Citation.] Specifically, '[u]nder the doctrine of implied findings, the reviewing court must infer, following a bench trial, that the trial court impliedly made every factual finding necessary to support its decision.' [Citation.]" (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.)

" 'A judgment may not be reversed on appeal . . . unless "after an examination of the entire cause, including the evidence," it appears the error caused a "miscarriage of justice." (Cal. Const., art. VI, § 13.) When the error is one of state law only, it generally does not warrant reversal unless there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached. [Citation.]' [Citation.]" (*Hasso v. Hapke* (2014) 227 Cal.App.4th 107, 146.)

### *Analysis*

Turner has not shown that the trial court erred in its determination that she failed to carry her burden of proof to establish that the estate defendants owed an ascertainable amount of unpaid child support to her. Substantial evidence introduced at trial established the following: The only judgment requiring a payment of child support by James upon which arrearages were alleged was the 1993 stipulated judgment in case No. BD017757 providing for an assignment of wages payable to the County. Turner never sought, nor obtained a court order of

child support for James to pay support to her directly.  At the time of the stipulated judgment and wage assignment order, Turner was receiving public assistance that required her to permanently assign child support to the County, until that public aid was no longer received by Turner and the amount of aid was reimbursed to the County.  (Welf. & Inst. Code, § 11477, subd. (a)(3) [version effective until December 31, 1999]; Welfare & Institutions Code, section 11477, subdivision (a)(3)(A) [current law].)  There is no evidence that the assignment to the County was ever modified to provide for payment of child support to Turner.

In an effort to deal with the lack of a child support order requiring payment to her, Turner contends that, after she stopped receiving public assistance, she became entitled to enforce the child support order in a new civil action.  Turner provides no persuasive legal authority to support this argument, and it runs contrary to the operative language of section 11477. (See *In re Marriage of Shore* (1977) 71 Cal.App.3d 290, 298 ["Appellant's argument that . . . the right of the County to collect past due payments should terminate when the custodial parent ceases to receive AFDC aid, and that the custodial parent should be given a free hand to collect the past payments from the other parent, cannot be accepted"])

But even assuming that, as a matter of law, Turner became the party to whom payment must be made when she no longer was receiving any public assistance, there is nevertheless a failure of proof.  Despite Turner's apparent contention that she ceased receiving public assistance in 1995, the trial record contains substantial evidence to the contrary.  In her testimony, Turner first said that she ceased to be on government assistance

in 1995; but, she then conceded that she had answered an interrogatory in the affirmative asking whether she was continually on government benefits from 1993 and March 2000. She ultimately stated she was not receiving public benefits up until 2000, but admitted, "I did get some assistance, but I don't know the dates." In her briefing on appeal, she "acknowledges that she was a part-time worker at a point of time that received assistance periodically." Accordingly, substantial evidence supports the trial court's determination that Turner did not prove as a factual matter a particular period when she was not receiving public assistance such that she was entitled to collect on the wage and assignment order.

Further, even assuming Turner's evidence established that some of the child support money exceeded the public assistance she received, the record supports the court's implicit finding at trial that the amount due to her was not reasonably ascertainable based on the evidence admitted. Specifically, Turner claims that the May 14, 2019 "Position Statement" she obtained from child support services definitively establishes the amount she was due: she asserts that the document's references to the "assigned" and "unassigned" amounts of unpaid child support show that she was entitled to the "unassigned" portion. On its face, the document does discuss various audits and arrearages calculations, with the most recent calculation of "unassigned arrears" being in 1999 in the amount of approximately $41,000. But the document also shows on its face that subsequent modifications were made to arrearage payments and that as of 2013 child support services had been unable to provide the balance because the arrearage amounts no longer existed due to the prior closing of the case. Moreover, there was

10

no competent testimony at trial as to the basis for, or meaning of the document and its calculations. The record amply supports the trial court's implied finding that Turner had not met her burden to establish that the estate defendants owed her an ascertainable amount of arrearages based on this summary memo, or any other evidence introduced at trial. We do not reweigh evidence on appeal and defer to the trial court's findings.[4]

Finally, Turner argues on appeal that the trial court interfered with her ability to try her case, in particular by micromanaging the process of selecting and offering exhibits during her case-in-chief. The trial transcript refutes Turner's claim. Throughout the trial proceedings, the trial court

---

[4] We note that Turner argued in her motion for reconsideration that the trial court had failed to give adequate consideration to the Position Statement. However, Turner did not provide a reporter's transcript of the hearing on that motion; accordingly, we do not know whether the trial court made specific comments or findings as to the meaning, weight, or credibility it gave to the "unassigned" arrearages when it rejected her motion. The absence of an adequate record in this regard provides an alternative basis to affirm the court's ruling. "In many cases involving the substantial evidence or abuse of discretion standard of review, . . . a reporter's transcript . . . of the proceedings will be indispensable." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.) If the record is inadequate to allow meaningful review, " ' "the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] ' . . . [Appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' [Citation.]" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

expressed patience and care in instructing Turner how to present her case. With respect to exhibits, as Turner neared the end of her presentation of evidence, the trial court granted a break for her to go off the record, review all of her planned exhibits, and then offer any or all of them into evidence. Following the break, Turner offered the exhibits she had selected, and all were admitted into evidence without objection.

## DISPOSITION

The judgment is affirmed. Defendant and Respondent William Thomas, as personal representative of the Estate of James Thomas, the only respondent who filed a brief in this matter, is awarded his costs on appeal.

NOT TO BE PUBLISHED.

MOOR, Acting P. J.

We concur:

KIM, J.

LEE, J.[*]

---

[*] Judge of the Superior Court of San Bernardino County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12